People v Berry (2025 NY Slip Op 06358)

People v Berry

2025 NY Slip Op 06358

Decided on November 20, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2025

No. 127 SSM 7

[*1]The People & c., Respondent,
v
David A. Berry, Appellant.

Submitted by Alexander Prieto, for appellant. 
Submitted by Aeron Schwallie, for respondent. 

MEMORANDUM:
The order of the Appellate Division should be modified by dismissing counts 3, 6, 7, and 8 of the indictment and remitting the case to Supreme Court for resentencing on the remaining counts and, as so modified, affirmed.
On this record, we hold that as a matter of law the evidence provided in support of the 205 Curtis Street search warrant failed to satisfy the basis of knowledge requirement of the Aguilar-Spinelli test (see Aguilar v Texas , 378 US 108 [1964]; Spinelli v United States , 393 US 410 [1969]; People v Bigelow , 66 NY2d 417, 420 [1985]). The general allegation that the informant was "aware that narcotics are kept inside the location" provides no indication "that the information was based upon personal observation" (Bigelow , 66 NY2d at 424). Likewise, the informant's statement that at some unidentified point in time the informant had conducted a narcotics transaction at that address "did not describe defendant's activities with sufficient particularity to warrant an inference of personal knowledge" (id. ; see People v Elwell , 50 NY2d 231, 237-242 [1980]). Nor was the information conveyed by the informant corroborated by police observation (see Elwell, 50 NY2d at 237). Accordingly, the informant's statements fail to meet the requirements of Aguilar-Spinelli and, because there are no other allegations in the search warrant affidavit to establish "a reasonable belief that an offense has been or is being committed or that evidence of a crime may" have been found at 205 Curtis Street (Bigelow , 66 NY2d at 423 [internal citations omitted]), the search warrant for that address was not supported by probable cause, and the evidence seized there should have been suppressed.
Defendant's remaining contentions are without merit.
On review of submissions pursuant to section 500.11 of the Rules, order modified by dismissing counts 3, 6, 7 and 8 of the indictment and remitting case to Supreme Court, Monroe County, for resentencing on the remaining counts and, as so modified, affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided November 20, 2025